**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**RYAN THOMAS SALISBURY,**<br><br>**Defendant.** | **Case No. 26-CR-264-JDR** |

**UNOPPOSED MOTION TO MODIFY CONDITIONS OF RELEASE**

Ryan Salisbury, by and through undersigned counsel, moves this Court for an Order Modifying his Conditions of Release. Specifically, Mr. Salisbury seeks modification of special condition (7)(m)(ii) so that he may have visitation with his minor children while on pre-trial release in the current matter. Counsel for Mr. Salisbury discussed this request with Assistant United States Attorney Aaron Jolly, government counsel, and United States Probation Officer Philip Whitinger regarding their position and the government and the probation office do not oppose this request.

**STATEMENT OF THE CASE**

Mr. Salisbury was arrested on a complaint on June 11, 2026, in the Northern District of Oklahoma. (ECF No. 1). He appeared in person the following day and a detention hearing was held June 17, where he was released on conditions. (ECF No. 5, 11). He was indicted on July 7 on one count of Attempted Coercion and Enticement of a Minor in violation of 18 U.S.C. § 2422(b) and appeared in person for an arraignment on July 15. (ECF No. 16). The matter is currently scheduled for a pretrial conference on October 22, 2026, at 9:30am. (ECF No. 24).

**STATEMENT OF FACTS**

Ryan Salisbury is a 47-year-old electrical engineer from Norman, Oklahoma. He has previously worked as an electrical engineer manager at OG&E in Oklahoma City and at Boeing.

He has been married to his wife Kristy since 2011, and they share two children, ages 12 and nine. The family makes their home in Norman, Oklahoma, in a home owned by the family. Mr. Salisbury has no criminal history of note.

Mr. Salisbury is accused of sending messages with an individual he believed to be a minor for the purposes of engaging in sexual activity. According to the government's evidence, those messages were directed at an undercover police officer. Mr. Salisbury is accused of traveling to Broken Arrow, Oklahoma, and he was arrested in the parking lot where he was to meet up with the supposed minor.

While on release, Mr. Salisbury is living in Ponca City, Oklahoma, with his father, Tom Salisbury, an attorney who practices criminal law in Kay County, Oklahoma. Mr. Salisbury's wife and children continue to reside at the family home in Norman.

The condition at issue in this matter, special condition (7)(m)(ii), places Mr. Salisbury on Home Detention, and only gives exceptions for employment; education; religious services; medical appointments or emergencies; substance abuse testing or treatment; mental health treatment; attorney consultation; court appearances; court-ordered obligations; or other activities approved in advance by the United States Probation Office." (ECF No. 13).

**ARGUMENT AND AUTHORITY**

The Bail Reform Act governs all aspects of pretrial release and detention in federal court. 18 U.S.C. § 3142. If a judicial officer determines that release on personal recognizance will not reasonably assure the defendant's appearance or will endanger the safety of any other person or the community, the court must order pretrial release subject to the least restrictive combination of conditions that will reasonably assure appearance and safety. *Id*. The judicial officer may at any time amend the order to impose additional or different conditions of release, and such motion made

by either the government or the defendant shall be determined promptly. 18 U.S.C. §§ 3142(c)(3), 3145(a).

A father has a constitutionally protected, fundamental liberty interest in maintaining his familial relationship with his children. *United States v. Bear*, 769 F.3d 1221, 1229 (10th Cir. 2014), *citing United States v. Edgin*, 92 F.3d 1044, 1049, (10th Cir. 1996). Special conditions of release that interfere with the right of familial association are subject to stricter scrutiny and can only do so in compelling circumstances. *Bear*, 769 F.3d at 1229, *citing United States v. Smith*, 606 F.3d 1270, 1282-83 (10th Cir. 2010).

The 10th Circuit has held that a special condition of supervised release which prohibited a father from associating with his minor daughter would only be valid if the defendant "presents a danger" to the minor child. *United States v. Burns*, 775 F.3d 1221, 1224 (10th Cir. 2014), *citing United States v. Lonjose*, 663 F.3d 1292, 1303 (10th Cir. 2011). The 10th Circuit upheld a special condition of supervised release which prohibited a defendant from unsupervised contact with his own children when the defendant's prior sex offense involved a minor member of his own family. *United States v. Garcia*, No. 16-1011, 690 Fed. Appx. 575, 586 (10th Cir. May 25, 2017) (unpublished).

In *Bear*, the 10th Circuit vacated the portion of the defendant's conditions limiting his ability to be at his children's residence and to be alone with them without supervision because there was no compelling evidence to support such restrictions—there was no evidence supporting a likelihood of new sexual misconduct or continuing deviant sexual tendencies and the defendant had not otherwise displayed a danger to his own children. *Bear*, 769 F.3d at 1229.

These cases outline the Circuit's position on such prohibitions—in order to justify such a limitation, there must be evidence that the defendant poses a specific risk to his children, and that

risk cannot only be the existence of an unrelated allegation or even a conviction for sexual misconduct involving children. These cases also demonstrate that even conditions which prohibit a defendant from visiting his children's home or to be alone with them without supervision interfere with the constitutionally protected right to the parent-child relationship.

The current special condition of pretrial release, which prohibits Mr. Salisbury from visitation with his own children, is a condition which impinges on Mr. Salisbury's fundamental liberty interest and therefore compelling circumstances are required to justify the prohibition. Based on the allegations in this matter, there is not a compelling reason to justify this condition.

There are no allegations or claims made against Mr. Salisbury which involve his own children. Mr. Salisbury does not present a danger to his children. Mr. Salisbury has had no violation reports of his conditions during his time on pretrial release and has timely appeared for all court appearances and meetings with his attorney.

The condition limiting his visitation with his children is unwarranted and the Court should modify the condition to allow visitation with his children. Mr. Salisbury asks that the restriction in his conditions of release (7)(m)(ii), which places him on house arrest be modified to allow visitation with his own two children outside of the household in Ponca City. He does not ask the Court to allow him to return home to live with his children or to have visitation with any other children. He does not ask the Court to modify his limitation of visitation with any other children beyond his own.

The Court can consider modifying the conditions in such a way that reflects the Bail Reform Act's least restrictive mandate. Mr. Salisbury would still have to notify his probation officer in advance of any travel outside the home, so if he were to arrange for visitation with his children in Oklahoma City or Norman, the probation office would still be aware of his plans. Mr.

Salisbury will secure neutral, third-party professional supervision for any visitation with his children. The children's mother has consented to such a visitation plan on the condition that professional supervision is present for these visits.

**CONCLUSION AND PRAYER FOR RELIEF**

Based upon the above argument and authority, Mr. Salisbury moves this Court for an Order modifying special condition (7)(m)(ii) of his conditions of release and allowing him to have visitation with his two minor children.

Respectfully submitted,

/s/ *Thomas S. Reese*
Thomas S. Reese, OBA # 33042
Corbin C. Brewster, OBA # 22075
BREWSTER & DE ANGELIS, P.L.L.C.
2617 East 21st Street
Tulsa, Oklahoma 74114-1707
Telephone: (918) 742-2021
Fax: (918) 742-2197
Email: treese@brewsterlaw.com

*Attorney for Defendant Ryan Thomas Salisbury*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 16, 2026, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of Notice of Electronic Filing to the following ECF registrant(s):

Aaron Jolly
Assistant United States Attorney
United States Attorney's Office
110 West 7th Street, Suite # 300
Tulsa, OK 74119-1013

*Attorney for the Plaintiff*

/s/ *Thomas S. Reese*
Thomas S. Reese